72 So.3d 1209 (2011)
Ex parte Steven Wayne HUFFMAN.
(In re Steven Wayne Huffman v. State of Alabama).
1100800.
Supreme Court of Alabama.
May 20, 2011.
Steven Wayne Huffman, pro se.
Submitted on petitioner's brief only.
WOODALL, Justice.
WRIT DENIED. NO OPINION.
STUART, BOLIN, PARKER, MURDOCK, SHAW, and MAIN, JJ., concur.
COBB, C.J., dissents.
WISE, J., recuses herself.[*]
COBB, Chief Justice (dissenting).
I respectfully dissent. Steven Wayne Huffman was convicted of trafficking in controlled substances, a violation of § 13A-12-231(11), Ala.Code 1975, and was sentenced to 50 years' imprisonment upon application of the Habitual Felony Offender Act, § 13A-5-9, Ala.Code 1975, and the sentence-enhancement provisions of § 13A-12-231(13), Ala.Code 1975 (possession of a firearm during the trafficking offense). Huffman subsequently attacked his conviction and sentence by means of a postconviction challenge by way of a Rule 32, Ala. R.Crim. P., petition. The trial court dismissed that challenge, and the Alabama Court of Criminal Appeals affirmed the dismissal. Although I agree with the majority that the petition is due to be denied as to the other issues raised, I believe that Huffman has raised an issue of probable merit with respect to the application of the principles set out in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), to the enhancement of his sentence upon application of § 13A-12-231(13).
Specifically, Huffman's petition for certiorari review states:
"Affirming the trial court's summary disposition, the Court of Criminal Appeals held that:
"`Because possession of a firearm during trafficking is an element of the offense, no notice was required, nor was the sentence imposed in violation of the principles of Apprendi v. New Jersey, 530 U.S. 466 (2000).'
"Attachment at 18.
"This Court has not addressed the precise issue of whether the firearm enhancement *1210 of § 13A-12-231(13) requires pretrial notice. However, the decision of the court below is in direct conflict with prior decision[s], those of this Court, and decisions of the United States Supreme Court on similar points of law. Apprendi unequivocally holds that the Fifth, Sixth, and Fourteenth Amendments require any fact other than prior conviction that increases the maximum penalty for a crime must be charged in the indictment, submitted to a jury, and proved beyond a reasonable doubt. Apprendi, 530 U.S. at 466."
(Petition at 12; emphasis supplied.) I believe that this Court should grant the petition as to this issue and consider its merits. Accordingly, I dissent.
NOTES
[*] Justice Wise was a member of the Court of Criminal Appeals when that court considered this case.